# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-20307

United States Court of Appeals
Fifth Circuit

**FILED**

June 7, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LARRY MAURICE FAVORITE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-747-2

Before REAVLEY, HAYNES, HIGGINSON, Circuit Judges.

PER CURIAM:[*]

A jury convicted Larry Maurice Favorite of conspiracy to possess with intent to distribute and possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine. The district court sentenced Favorite to 210 months of imprisonment to be followed by a five-year term of supervised release, and Favorite timely appealed. He has requested that we take judicial notice of two documents filed in the case of his codefendant Juanita Velasquez, and that motion is granted.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20307

The sole issue in this appeal is whether the Government violated Favorite's rights by substantially interfering with Velasquez's decision whether to testify at Favorite's trial. Velasquez, who is Favorite's mother, signed a plea agreement three days prior to the start of Favorite's trial. That plea agreement included, inter alia, a factual stipulation that Favorite was involved in the offense and believed that he and Velasquez were transporting drugs. When Favorite subpoenaed Velasquez to testify on his behalf, the Government admonished Velasquez's counsel of the potential negative consequences her testimony could have if the Government deemed the testimony to be untruthful. Ultimately, Velasquez invoked her Fifth Amendment right against self-incrimination and refused to testify at Favorite's trial.

A review of the hearing held on this matter shows that Velasquez stated that she had not been threatened by anybody from the Government that she would receive a higher sentence if she were to testify. In fact, she decided to go against the advice of her own attorney and testify for Favorite in spite of understanding the possible ramifications of her testimony. Velasquez reversed course and decided not to testify only after questioning by her own attorney, a statement by the district court that her testimony *could* have "potential downsides," and a statement by Favorite's counsel that he would not wish to see Velasquez subject herself to a higher sentence just to testify for Favorite.

Favorite points to a motion later filed by Velasquez seeking new counsel for appeal on the grounds that her counsel never communicated with her or explained her criminal proceedings to her as evidence that Velasquez's decision not to testify may not have been adequately informed. But Velasquez's motion, which was granted, complained only about her counsel's lack of communication regarding her own plea. The record in this case reflects that Velasquez's

2

counsel did in fact communicate with her regarding her decision whether to testify at Favorite's trial.

To prevail on a claim of substantial interference with a witness, a defendant must show a "causal connection" between the Government's action and the witness's decision not to testify. *United States v. Anderson*, 755 F.3d 782, 792 (5th Cir. 2014) (internal quotation marks and citation omitted). The district court found that there was no substantial interference, and our review of the record leads us to conclude that the district court's factual determination was not clearly erroneous. *See Anderson*, 755 F.3d at 792; *United States v. Thompson*, 130 F.3d 676, 686-87 (5th Cir. 1997).

AFFIRMED.